# Weigand's Appeal.

Where a testator bequeathed to a daughter the interest accruing on a bond owing by one of his executors, annually during her life, and directed the principal to be *secured* by his executors, and the obligor became insolvent and died eighteen years after the death of the testator, without any steps having been taken by the other executor to have the amount secured, it was *Held*,

That the securing of the interest and principal was a *joint* duty cast by the will upon both executors, and that the surviving executor was therefore liable to the legatees.

That the debtor was a co-executor, did not lessen the responsibility which attached to both as executors.

The taking of a judgment by those interested in the bequest, from the executor who owed the debt, was but a collateral security to the bond, and did not extinguish it.

Neither would it operate as a discharge to the other executor, from the liability incurred at the time by a failure to have the bond secured according to the will.

APPEAL from the Orphans' Court of *Lancaster county.*

On the 4th December, 1854, Margaret Weigand presented her petition to the Orphans' Court of Lancaster county, setting forth, That her father Henry Shirk died in the year 1836, leaving a will, containing the following provision:—"I give and bequeath to my daughter Margaret, the interest arising from a bond on my son Henry, marked No. 6, dated March 4th, 1824, for $500, the principal to be secured by my executors, and the interest thereof paid to her yearly and every year on the 1st of April during her life; and immediately after her decease, the principal to be divided amongst her children or their legal representatives in equal proportions:" And that he appointed his sons William and Henry Shirk the executors of his said will, and that they had failed to carry out the trust imposed upon them by the said provision: That Henry Shirk, one of the said executors, died in November, 1853. And prayed for a citation upon the surviving executor to appear and show cause why he should not pay to her the interest on the bond, and why the principal thereof should not be secured according to the directions of the will.

The court thereupon awarded the citation as prayed for; and on the 16th April, 1855, the answer of William Shirk was presented. The respondent denied his liability to account to the petitioner for either the interest or principal of the bond in question, because that among other bonds due to the testator some of Henry and respondent due their father were specifically bequeathed; the bond designated No. 6, being one due by Henry for $500, was so bequeathed by a clause of the will to the petitioner, and that by the next paragraph a precisely similar disposition was made of a bond for $500, designated No. 7, due by respondent, to another sister. And that the purport of these provisions, each of the obligors being appointed executors, was that each should pay his own bond to his respective sister, and adding to each of the bequests a power to coerce additional security. That both executors were in good circumstances at testator's death, and each set of legatees acted on the above construction of the will. That Henry Shirk paid the interest to the petitioner up to the 1st April, 1853.

That the children of Margaret Weigand were all long since of age; and that Henry Shirk, the co-executor, had become embarrassed by becoming security for and advancing to one of the petitioner's sons large sums of money, amounting to $15,000 or more. And that Mrs. Weigand and her children had taken on the 1st April, 1848, a judgment bond in the penal sum of $1200 to secure this same bond of $500, and which was entered as a judgment against the said Henry on the 15th January, 1849; and that he had never been called upon for payment until after the death of Henry, and until it was known that his estate was

insolvent; and prayed that the complaint might be dismissed with costs.

The petitioner filed a replication, in which she alleged it to be the duty of the respondent, as one of the executors under the will, to pay the interest on the said bond and have the principal secured for her children. She denied all knowledge of and participation in the judgment alleged to have been given by Henry Shirk to secure the amount of the bond. And prayed for a decree as before in her petition filed.

After argument, the court below (Long, P. J., and Hayes, J.) dismissed the petition.

From this decree, Mrs. Weigand appealed.

*Reynolds* and *Hiester*, for appellant.

*Parke*, for appellee.

The opinion of the court was delivered by

Knox, J.—The clause in the will of Henry Shirk, Sr., under which the question in this case arises, is in the following words:—

"I give and bequeath to my daughter Margaret the interest arising from a bond on my son Henry, marked No. 6, dated March 4, 1824, for five hundred dollars, the principal to be secured by my executors, and the interest thereof paid to her yearly and every year on the 1st of April during life, and immediately after her decease the principal to be divided amongst her children or their legal representatives in equal proportions."

We are unable to give to this clause the same construction that it received in the Orphans' Court of Lancaster county. In express words the testator directed his executors to secure the principal of the bond and pay the interest to the devisee for life. It was a joint duty cast upon the executors by the will, and which they agreed to perform when they accepted the appointment to secure the money due upon the bond, so that the interest might annually be paid, and the principal sum be ready for distribution upon the death of Mrs. Weigand, the daughter of the testator. The nature and form of the security was left to the discretion of the executors, but it was a discretion which they were bound to exercise in a prudent manner; and it is very clear that it was not the intention of the testator that the money should be left in the hands of the debtor for the whole time without any security whatever.

That the debtor was one of the executors in nowise lessens the responsibility which attached to the two as executors. It was not an impossible thing to compel performance, for, although the bond might not have been collected by a suit at law by one of the ex-

ecutors against the other, yet upon application to the Orphans' Court the debtor executor would have been compelled to secure the debt due upon the bond, upon pain of dismissal from his office as executor.

It would doubtless have been an unpleasant duty to perform for one brother to have proceeded against the other in the manner indicated, but the alternative was making himself personally responsible for the payment of the bond, according to the directions of the will. Neither is this responsibility discharged by the ineffectual effort which was made many years after the testator's death, to secure the debt due upon the bond by a judgment against Henry Shirk. The judgment was merely collateral to the bond, and did not extinguish it, even if procured by Mrs. Weigand, which is by no means clear. At the time when the judgment was obtained against Henry Shirk, William, the other executor, had made himself liable by permitting the bond to remain without security for the debt, and we see nothing in the case which amounts to a discharge from that liability.

We regret the loss that falls upon the surviving executor, as we are satisfied that there was no intentional neglect of duty upon his part. There is but one safe course for executors to pursue, and that is to implicitly follow the directions contained in the will under which they are appointed.

> The decree of the Orphans' Court of Lancaster county dismissing the petition of Mrs. Margaret Weigand is reversed, and the case is remitted to said court with directions to proceed and ascertain what amount of interest is due and unpaid upon the bond of Henry Shirk, deceased, devised by Henry Shirk, Sr., to his daughter Margaret and her children, and to make a decree that the sum now due, together with the annual interest to become due, shall be paid by William Shirk, surviving executor of Henry Shirk, Sr., to Margaret Weigand, the petitioner; and further decree that upon the decease of the said Margaret, the principal sum of said bond, to wit, the sum of five hundred dollars, shall be paid by the said William to the children, or their legal representatives, of the said Margaret. The costs of this proceeding to be paid by the defendant, William Shirk.